IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

BRYAN L.M.,

    Petitioner,

v.

KRISTI NOEM, et al.

    Respondents.

Case No. 26-cv-03122-SRB

## ORDER

Before the Court is Petitioner Bryan L.M.'s ("Petitioner") Petition for Writ of Habeas Corpus ("Petition"). (Doc. #1.) In part, the Petition alleges that Petitioner "is a native and citizen of Ecuador who entered the United States on or about December 20, 2022." (Doc. #1, p. 3.) Petitioner has a pending asylum application. Petitioner provides that on February 6, 2026, he received a notice to report to the ICE Chicago Field Office on February 19, 2026. Petitioner appeared on that date with his wife and minor child. Petitioner was taken into custody, and his wife and child were released on recognizance.

In an Order dated February 25, 2026, the Court ordered Respondents to file an answer to the Petition on or before February 27, 2026. (Doc. #5.) The Order expressly stated that "Respondents' answer should include . . . [s]uch affidavits and exhibits as are needed to establish the lawfulness and correct duration of Petitioner's detention in light of the issues raised in the habeas petition." (Doc. #5, ¶ 2.) The Order further required Respondents to "attach the warrant to their answer" if one was issued for Petitioner's arrest. On February 27, 2026, Respondents filed an answer which states in part that "[w]ith regard to the overarching 1225/1226 issue, it is the position of the federal government respondents that [L.M.] is subject to mandatory detention under

§ 1225(b), because he was present in the United States without being admitted or paroled. (Doc. #7, p. 2.) Respondents note, however, that "this Court has reached the opposite conclusion in numerous cases arising under similar or near similar facts, including this Court's decision in *Alcantar Flores v. Olson*, Case No. 6:25-cv-03358-SRB (W.D. Mo). As such

> the federal government respondents acknowledge that this Court's decision in *Alcantar Flores* and other cases would control the result here if the Court adheres to that decision, as the facts are not materially distinguishable for purposes of the Court's decision on the legal issue of which statutory provision authorizes [L.M.]' detention.

(Doc. #7, p. 3.)

Upon review, this Court finds that because Petitioner is not "seeking admission," as set forth in § 1225(b)(2), that provision—which mandates detention—does not apply to him. *See, e.g.*, *Belsai D.S. v. Bondi*, No. 25-cv-03682 (KMM/EMB), 2025 WL 2802947 (D. Minn. Oct. 1, 2025).

The Court further concludes that immediate release is the appropriate remedy. As U.S. District Judge Eric Tostrud recently explained, "[s]ection 1226 provides that '[o]n a warrant issued by the Attorney General, an alien may be arrested and detained.'" *Ahmed M. v. Bondi et al.*, 25-CV-4711 (ECT/SGE), 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026). Judge Tostrud concluded that the issuance of a warrant is a necessary prerequisite to even discretionary detention under § 1226(a), citing several decisions from other districts. *Id*. In *Ahmed M.*, the petitioner had been rearrested with no warrant and no allegation of a violation of the conditions of his previous release. Therefore, the appropriate remedy in *Ahmed M.* was immediate release rather than a detention hearing. *See also Juan S.R. v. Bondi*, 26-cv-05 (PJS/LIB) (Order (Dkt. 8), Jan. 12, 2026) (same). The Court agrees with the reasoning of these cases as Respondents have provided no warrant in support of Petitioner's arrest.

Under these circumstances, and based on a full review of the record, Petitioner is entitled to habeas relief and to be released from detention. Consequently, **IT IS HEREBY ORDERED THAT:**

1. Petitioner Bryan L.M.'s Petition for Writ of Habeas Corpus (Doc. #1) is **GRANTED**.

2. The Government is **ORDERED** to consult with the Petitioner to determine if he should be released in Greene County, Missouri or Chicago, Illinois. However, the Government shall release Petitioner no later than 72 hours from the date of this Order;

3. Prior to Petitioner's release, Respondents must first notify Petitioner's legal counsel within two hours of his impending release and include the location of his release and approximate release time;

4. When Petitioner is released, Respondents must return to him any property, personal effects, and documents that they have taken from him, including identity documents, foreign issued identity documents, and immigration documents;

5. Respondents may not administratively recharacterize the release granted by this Order as grounds to impose conditions or re-impose existing conditions in conjunction with release;

6. The Court **ORDERS** Respondents to notify the Court within 24 hours of Petitioner's release, confirming that the release has occurred. If Petitioner has not been released as ordered, Respondents should immediately notify the Court of when he will be released.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date: March 3, 2026　　　　　　　　　　　　　　　*s/Stephen R. Bough*
　　　　　　　　　　　　　　　　　　　　　　　　Stephen R. Bough
　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge